IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. PATRICIA DODD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil. No. 3:13-CV-1835-L |
| DALLAS COUNTY | § | |
| COMMUNITY COLLEGE DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## JOINT STATUS REPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Dr. Patricia Dodd ("Dodd" or "Plaintiff"), and Dallas County Community College District ("DCCCD" or "Defendant") conferred on August 29, 2013, and now present this Joint Status Report and Proposed Discovery Plan pursuant to the Court's August 15, 2013 Order (Doc. 4). Plaintiff and Defendant hereby submit their Joint Status Report and Proposed Discovery Plan, and respectfully show the Court as follows:

**1.   A brief statement of the nature of the case, including the contentions of the parties.**

   **(a)   Plaintiff's Contentions:**

Plaintiff has been an employee of DCCCD for 11 years, and from January 2004 to May 2012 she was a professor at Brookhaven College. She was employed by DCCCD at the time she brought suit.

In April of 2009, Plaintiff was a sponsoring professor and chaperone for Brookhaven Amnesty Club's trip to the 2009 Amnesty Conference in Boston. Upon returning from the trip, Plaintiff was accused of unprofessional behavior and entered into a Memorandum of Understanding with Brookhaven College. On April 20, 2011, Plaintiff received a Notice of

Proposed Termination of Employment from Defendant. The grounds given for Plaintiff's proposed termination was that she allegedly sent text messages to a student. However, Plaintiff provided Defendant with a notarized letter from another person admitting that he, not Plaintiff, had sent the text messages from Plaintiff's phone without her knowledge or permission. At this point, Defendant dropped the proposed termination and allowed Plaintiff to continue under her then-existing contract, but failed to honor the new three-year contract which Plaintiff and her supervisors had signed before the allegations regarding texts had arisen.

Then, on October 28, 2011, Plaintiff received a second Notice of Proposed Termination of Employment from Defendant. This proposed termination inexplicably sought to dredge up, and was entirely based on, the allegations previously addressed in the April 2009 and 2011 claims. The notice also informed Plaintiff that she could request a hearing on the matter with ten (10) days. Accordingly, on November 1st and 4th, 2011, Plaintiff requested a hearing. Thereafter, in May 2012, Plaintiff received a letter from Defendant barring her from campus and placing her on indefinite administrative leave with pay. Since that time, Plaintiff has been barred from access to her office, to her contact lists, to her email, and personal property at her office, including her medical records. Defendant has refused to provide any explanation for this "leave."

Defendant has failed to give Plaintiff a timely hearing as requested and, at no time prior to this date did Defendant intend on providing Plaintiff with a timely and meaningful hearing. Defendant has denied Plaintiff a hearing because Defendant never had good cause to terminate Plaintiff. Accordingly, Plaintiff has brought suit against Defendant for violations of her procedural and substantive due process rights. In addition, the actions of Defendant as

complained of herein also constitute a violation of Plaintiff's due process rights secured by the Texas Constitution and breach of contract.

**(b)** **Defendant's Contentions:**

In 2009, Dr. Dodd engaged in harassing, intimidating, and demeaning conduct directed to students under her supervision and a campus administrator. After a careful investigation, the District and Dr. Dodd agreed to a Memorandum of Understanding in which, among other things, she agreed:

1. to apologize in writing to the campus administrator;
2. to cease negative communications to students regarding perceptions of colleagues and students;
3. to maintain confidentiality regarding student information; and
4. that any violation of the Memorandum of Understanding could negatively impact her employment status.

In April 2011, Dr. Dodd violated the Memorandum of Understanding by either (1) texting harassing and intimidating messages to a student or (2) permitting her cell phone to be used by another for the purpose of sending harassing and texting messages to a student. In connection with the texting incident, Dr. Dodd violated the privacy rights of the student, engaged in harassing behavior, and violated District codes of conduct regarding professional ethics.

In response to the student's complaint about the April 2011 texting harassment, the district initiated procedures to terminate Dr. Dodd's contract. When Dr. Dodd's attorney presented information suggesting that Dr. Dodd had not sent the offensive text messages, the District withdrew the termination procedure to conduct further assessment. After that assessment, the District reinstated procedures to terminate Dr. Dodd's employment contract.

While the termination procedure was pending, in the Spring of 2012 two additional students came forward with complaints against Dr. Dodd. In the course of investigating these complaints, the District invited Dr. Dodd on several occasions to provide her response to the new allegations against her. Specifically, Dr. Dodd refused opportunities to provide her response in the Spring and Fall of 2012.

In March 2013, the District provided Dr. Dodd notice of nonrenewal of her contract and offered Dr. Dodd hearing dates in May 2013. Dr. Dodd declined the May hearing dates and further announced that she would not participate in any hearing irrespective of timing.

The District provided Dr. Dodd a summer contract to preserve her income while also offering Dr. Dodd additional opportunities for a hearing in July and August. Again, Dr. Dodd declined to participate.

On August 14, 2013, the District conducted a hearing before Hearing Officer Louis Weber. Mr. Weber issued his findings and the District determined to nonrenew Dr. Dodd's contract. In a nutshell, Dr. Dodd refused to participate in the investigation of the 2012 student complaints, and refused repeated offers of a due process hearing.

**2.     Any challenge to the jurisdiction or venue.**

The parties do not challenge jurisdiction or venue.

**3.     At this time, there are currently no pending motions before the Court.**

**Defendant anticipates filing a Motion for Summary Judgment.**

**4.     A brief description of any matters that require a conference with the court.**

None contemplated at this time.

**5.     An assessment of the likelihood that other parties will be joined, identities of potential parties and an estimate of the time needed for joinder of such parties.**

No additional parties are contemplated at this time.

6.  **When the disclosures required by FED. R. CIV. P. 26(a)(1) will be made or a statement that the parties have stipulated that those disclosures will not be made or that they are exempted from making those disclosures under FED. R. CIV. P. 26(a)(1)(e).**

The parties will make their initial disclosures by Friday, September 27, 2013.

7.  **Proposed Discovery Plan**

    (A)   No changes need be made for the disclosures required pursuant to FED. R. CIV. P. 26(a);

    (B)   A very brief statement of the subjects on which discovery may be needed.

Plaintiff's employment with Defendant; the Memorandum of Understanding; Plaintiff's conduct toward students; the allegations made by students against Plaintiff; Plaintiff's requests for a due process hearing; Defendant's offers of hearing dates; Defendant's grievance process as related to Plaintiff; Defendant's hearing process as it related to Plaintiff.

    (C)   Estimated time needed for discovery is 6 months;

    (D)   Discovery should not be conducted in phases;

    (E)   At this point, there are no other issues related to discovery.

    (F)   At this point, there are no issues relating to a claim of privilege or of protection as pre-trial preparation material.

    (G)   At this time, no changes should be made to the discovery limitations.

    (H)   At this time, no other orders need to be entered pursuant to Rules 26(c) or 16(b)(c).

8. Counsel for Plaintiff and Defendant have read the *Dondi* decision, 121 F.R.D. 284 (N.D. Texas 1988).

9. **The parties request a trial date after March 31, 2014.**

10. **The estimated length of trial is 4 days.**

11. **Defendant has demanded a jury on all issues.**

12. **The parties do not consent to the referral of this case to United States Magistrate Judge Irma Carrillo Ramirez at this time.**

13. **An assessment of the prospects for settlement;**

    The parties have entered into settlement discussions and remain hopeful that settlement is possible.

14. **An assessment of whether the dispute would be amendable to mediation and if not, why not, keeping in mind that pro bono mediation may be available to parties unable to afford it. If mediation seems appropriate, indicate when (month and year) it would be appropriate and whether it should be ordered in addition to or in lieu of the Court-ordered settlement negotiations contemplated by 11(c), above.**

    The parties are amenable to mediation after the close of discovery.

15. **Any other matters relevant to the status and disposition of this case.**

    None at this time.

    Respectfully submitted,

/s/ Frank Hill
Frank Hill                  09632000
Stefanie Klein           11565650
Matthew Walton       24075242

HILL GILSTRAP, PC
1400 W. Abram Street

Arlington, Texas 76013
(817) 261-2222
(817) 861-4685 Fax

ATTORNEYS FOR PLAINTIFF


/s/ Michael R. Buchanan
Michael R. Buchanan 03288300

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
8117 Preston Road, Suite 700
Dallas, TX 75225
(214) 987-3800
(214) 987-3927 (fax)


15960759.1