IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DR. PATRICIA DODD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil. No. 3:13-CV-1835-L |
| DALLAS COUNTY | § | |
| COMMUNITY COLLEGE DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, Dr. Patricia Dodd ("Dodd" or "Plaintiff"), and files this her First Amended Complaint, complaining of Dallas County Community College District ("DCCCD" or "Defendant"), and in support thereof respectfully shows the Court as follows:

### PARTIES

1.      Plaintiff, Dr. Patricia Dodd, is a resident of Dallas County, Texas.

2.      Defendant, DCCCD, is a public community college district organized and existing pursuant to the laws of the State of Texas for the purpose of operating a system of community colleges in and around Dallas County, Texas. DCCCD has appeared through counsel and answered in this case.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367, as set forth in Defendant's *Notice of Removal* [Doc.1].

4.      Venue is proper in this District and Division pursuant to 28 U.S.C. § 1441(a), as set forth in Defendant's *Notice of Removal* [Doc.1].

<u>FACTS</u>

5.      Brookhaven College is one of seven individually accredited colleges of DCCCD. Brookhaven College, located at 3939 Valley View Lane, in Farmers Branch, Texas, serves the Northwest portion of Dallas County, Texas.

6.      Plaintiff an employee of DCCCD for over 11 years, and from January 2004 to May 2012 she was a professor at Brookhaven College.

7.      In April of 2009, Plaintiff was sponsoring professor and chaperone for Brookhaven Amnesty Club's trip to the 2009 Amnesty Conference in Boston.  Upon returning from the trip, Plaintiff was accused of unprofessional behavior and entered into a Memorandum of Understanding with Brookhaven College.

8.      On April 20, 2011, Plaintiff received a Notice of Proposed Termination of Employment from Defendant.  The grounds given for Plaintiff's proposed termination was that she allegedly sent text messages to a student.  However, Plaintiff provided Defendant with a notarized letter from another person admitting that he, not Plaintiff, had sent the text messages from Plaintiff's phone without her knowledge or permission.  At this point, Defendant dropped the proposed termination and allowed Plaintiff to continue under her then-existing contract, but failed to honor the new three-year contract which Plaintiff and her supervisors had signed before the allegations regarding texts had arisen.

9.      On October 28, 2011, Plaintiff received a second Notice of Proposed Termination of Employment from Defendant.  This proposed termination inexplicably sought to dredge up, and was entirely based on, the allegations previously addressed in the April 2009 and 2011

claims.  The notice also informed Plaintiff that she could request a hearing on the matter with ten

(10) days.

10.     On November 1st and 4th, 2011, Plaintiff requested a hearing.  Thereafter, in May

2012, Plaintiff received a letter from Defendant barring her from campus and placing her on

indefinite administrative leave with pay.  Since that time, Plaintiff has been barred from access to

her office, to her contact lists, to her email, and personal property at her office, including her

medical records.  Defendant has refused to provide any explanation for this "leave".

11.     Defendant failed to give Plaintiff a timely hearing as requested and never intended

to provide Plaintiff with a timely and meaningful hearing.  Defendant did not even comply with

the directives of the hearing examiner to provide information to Plaintiff.  Defendant denied

Plaintiff a hearing because Defendant never had good cause to terminate Plaintiff.  Instead,

Defendant sought to non-renew Plaintiff's contract after denying Plaintiff the right to address the

allegations against her for over two years.

12.     In August 2013, Defendant proceeded with a purported hearing against Plaintiff,

to which she objected, through counsel, and which neither she nor her counsel attended.

Defendant had failed to act timely in providing a hearing to Plaintiff, and no meaningful due

process could be possible under the circumstances.

13.     On September 5,, 2013, Defendant, through its chancellor, Wright Lassiter,

upheld the hearing officer's decision "to not renew" Plaintiff's contract of employment with

Defendant.

<u>CAUSES OF ACTION</u>

14.     ***Alternative Pleadings***.  To the extent necessary, each of the claims set forth

below is pleaded in the alternative.

**A.**     _42 U.S.C. § 1983_

15.     At all times relevant hereto, Defendant was/is a political subdivision of the State of Texas.

16.     Accordingly, pursuant to 42 U.S.C. § 1983, Plaintiff seeks redress for the following violations of her rights, privileges, or immunities secured by the Constitution and laws of the United States.

### i.     Plaintiff's Procedural Due Process claim

17.     As described herein, despite her demands, Defendant has purposefully denied Plaintiff liberty, property, and privileges without due process/course of the law.  Defendant's intentional acts have deprived Plaintiff of liberty and property interests, including her objective expectation in continued employment, without due process in violation of the United States Constitution.

### ii.     Plaintiff's Substantive Due Process Claim

18.     Additionally, Defendant has arbitrarily and capriciously denied Plaintiff her property interest in her continued employment, and her liberty interest in her reputation and receiving due process prior to being denied her property interest.  Accordingly, Defendant has violated Plaintiff's substantive due process rights secured by the United States Constitution.

**B.**     _Violation of the Texas Constitution_

19.     The actions of Defendant as complained of herein also constitute a violation of Plaintiff's due process rights secured by the Texas Constitution.

**C.**     _Breach of Contract._

20.     Plaintiff's rights to receive due process are provided for in Defendant's policies and procedures.  Defendant's policies have become part of Plaintiff's contract, and since Plaintiff

was deprived of this right, Defendant has breached Plaintiff's contract of employment by failing to follow its own policies and procedures.

21.     Moreover, Defendants repeated promises to comply with its own policies and provide Plaintiff with a due process hearing, at the very least, created a unilateral contract between Plaintiff and Defendant.  In failing to abide by its own promises, Defendant has breach this contract with Plaintiff.

22.     Finally, Defendant and Plaintiff entered into a three year renewal of her contract, which Defendant has breached by "non-renewing" Plaintiff before such contract expired.

**D.**     ***Title VII and Texas Labor Code Causes of Action***.

*Discrimination based on race, sex, religion and age*

23.     Plaintiff incorporates and re-alleges in full the preceding paragraphs of this complaint. Plaintiff has filed a charge of discrimination with the EEOC and the Texas Workforce Commission, based on disparate and discriminatory treatment by Defendant due to her race, sex, religion and age.  Upon receipt of her right to sue letter, Plaintiff intends to seek permission to amend this complaint to add a claim for discrimination based upon the acts and omissions of Defendant in violation of Title VII of the Civil Rights Act of 1964, as amended, The Texas Labor Code, Chapter 21, and the Age Discrimination in Employment Act of 1967.

**E.**     ***ADA Claim***

24.     Plaintiff incorporates and re-alleges in full the preceding paragraphs of this complaint. Plaintiff has filed a charge of discrimination with the EEOC and the Texas Workforce Commission, based on violations by Defendant of the Americans with Disabilities Act of 1990, as amended, based on intentional discrimination against Plaintiff resulting from either actual or perceived disabilities.

**F.**     ***Temporary Injunction:***

25.     In order to preserve the status quo and the interests of Plaintiff during the pendency of this action, upon motion, Plaintiff requests that Defendant be cited to appear and show cause why it should not be temporarily enjoined from failing to reinstate Plaintiff's employment or continue her pay.

### DAMAGES

26.     As to claims for violations of the United States Constitution, the Texas Constitution, and breach of contract, Plaintiff seeks recovery of the full measure of relief and damages against Defendant, including but not limited to compensatory damages and/or nominal damages (including mental anguish and emotional distress damages), consequential and incidental damages, and any and all other equitable, injunctive, and compensatory relief which may be available under law and/or in equity.

### ATTORNEYS' FEES

27.     As a result of Defendant's unlawful actions set forth herein, Plaintiff was required to retain the firms of Hill Gilstrap, PC to represent her interests.  Plaintiff seeks and is is entitled to recover of and from Defendant all reasonable and necessary attorneys' fees costs incurred, and pre- and post-judgment interest as permitted by law, in equity, pursuant to the Chapter 38 of the TEX. CIV. PRAC. & REM CODE, and/or pursuant to 42 U.S.C. § 1988.

### CONDITIONS PRECEDENT

28.     All conditions precedent to the relief being sought by Plaintiff in this complaint have been performed, have occurred or have been waived.

### JURY DEMAND

29.     Pursuant to FED. R. CIV. P. 38, Plaintiff demands a jury trial.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Dr. Patricia Dodd, respectfully prays that Defendant, DCCCD, be cited to appear and answer, and that on final trial Plaintiff recover judgment against Defendant and be awarded:

(1)     any and all amounts recoverable and/or recognizable as damages under law and/or in equity, resulting and/or occasioned by the wrongful acts and/or conduct of Defendant;

(2)     her litigation expenses and costs, including but not limited to her reasonable and necessary attorneys' fees and costs;

(3)     pre- and post-judgment interest at the maximum rate permitted by law;

(4)     costs of court; and

(5)     such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

/s/  *Frank Hill -          -           -*
Frank Hill                                09632000
fhill@hillgilstrap.com
Stefanie Klein  (*of counsel*)    11565650
sklein@hillgilstrap.com
HILL GILSTRAP, PC
1400 W. Abram Street
Arlington, Texas 76013
(817) 261-2222
(817) 861-4685 Fax

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been sent this 16th day of May, 2014, via cm/ecf to:

**Michael R. Buchanan**
**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
**8117 Preston Road, Suite 700**
**Dallas, TX 75225**
**(214) 987-3800**
**(214) 987-3927 (fax)**

/s/ *Stefanie Klein*            .
   Stefanie Klein